FRANCES E. HURLEY, in equity,

*vs.*

JAMES H. H. HEWETT, administrator.

Knox.    Opinion January 25, 1895.

*Actions.   Executors and Administrators.   Equity.   Creditor.   Claim.   Counter Claim.   R. S., c. 87, § 19.*

Under a bill in equity instituted by virtue of § 19, chapter 87, R. S., which provides that a creditor who has not been guilty of culpable negligence by his omission to prosecute his claim against an estate within the time ordinarily allowed by statute therefor, may prosecute such claim in an equitable proceeding subject to certain conditions and limitations, no claim other than the one directly covered by the bill can be proved; together with any counter claims of the respondent which would have been a legal defense thereto.

ON REPORT.

Bill in equity heard on bill, answer, amended answer, replication, docket entries and master's report.

The case appears in the opinion.

*W. H. Fogler*, for plaintiff.

*D. N. Mortland and M. A. Johnson*, for defendant.

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

PETERS, C. J.   Samuel Pillsbury, the defendant's intestate, died February 6, 1890, and the defendant was appointed his administrator in the same month.

The case comes to the law court on the finding of the master's report, no objection being made thereto.

The bill is dated March 8, 1893, and is brought under § 19, ch. 87, R. S., which section reads as follows: "If the supreme judicial court, upon a bill in equity filed by a creditor whose claim has not been prosecuted within the time limited by the preceding sections, is of opinion that justice and equity require it, and that such creditor is not chargeable with culpable neglect in not prosecuting his claim within the time so limited, it may give him judgment for the amount of his claim against the estate of the deceased person; but such judgment shall not affect any payment or distribution made before the filing of such bill."

The complainant claimed that she came within the provisions of the statute and instituted this bill to recover her account against the estate of her father accordingly.

The answer denies that the complainant was not guilty of neglect in her delay in presenting her account, denies that anything is due to her in any manner, and claims, on the contrary, that she is and was for many years largely indebted to the estate instead of the estate being indebted to her. And the answer sets up some other independent claims as due to the estate from her.

The master reports that there is a balance due the estate from the complainant of $1696.07 in the accounts between the parties.

The master also reports, without any findings of law or recommendation, the facts upon the claim of the defendant to recover against the complainant upon certain notes held by the respondent's intestate against a copartnership of which the complainant was a member, and difficult and complicated questions have arisen on the facts so reported. And the respondent sets up in evidence other matters of claim against the complainant.

But these latter matters will need no consideration at our hands, as we think it plain that none of them are pertinent to the only question properly before us for our decision; which question is whether or not the complainant establishes any amount as due her from the estate represented by the respondent. The process adopted by the complainant is a direct and simple one to ascertain in this way what would have been

ascertained in a more advantageous way but for some mistake which she alleges happened without her culpable neglect. An equitable process is substituted for the legal process, in form different processes, in substance and effect intended to be the same. The bill does not call for an examination of the irrelevant matters which have been investigated before the master, nor does the answer even require it to any such extent. If the estate has claims against the complainant not exactly such as may be in payment or satisfaction of her claim against the estate, they may be enforced by actions of law. Our jurisdiction under this bill is special and limited, extending only to the single question whether anything is due on the complainant's account. The bill can be maintained only upon several specific conditions. But the master's report on the only question to be decided renders any consideration of other questions unnecessary.

*Bill dismissed with costs for respondent.*